NOT DESIGNATED FOR PUBLICATION

No. 129,746

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

JACOB L. STAPLETON,
*Appellee*.


MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Submitted without oral argument. Opinion filed August 14, 2026. Affirmed.

*Andrew R. Davidson*, deputy district attorney, *Thomas R. Stanton*, district attorney, and *Kris W. Kobach*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before MALONE, P.J., HURST and COBLE, JJ.

PER CURIAM: The State appeals the district court's decision to grant Jacob L. Stapleton a dispositional departure to probation following his conviction of electronic solicitation of a child. Although we disagree with some of the district court's reasoning for granting probation, we find the State has failed to show the district court abused its discretion in granting the departure motion and affirm the district court's judgment.

1

Over a two-week period in November 2023, Stapleton sent several sexually explicit messages to a teenager via Snapchat. The child's father contacted the Hutchinson Police Department about the messages; he reported that Stapleton was a family friend. When Officer Michael Mendez interviewed Stapleton and confronted him with a picture of the conversation, Stapleton admitted to sending the messages to the child and acknowledged that he knew the child was underage.

In January 2024, the State charged Stapleton with one count of felony electronic solicitation of a child who was at least 14 years of age but less than 16 years of age and one count of felony indecent solicitation of a child. Stapleton was released on bond with the condition that he have no contact with the alleged victim or any witness. In June 2025, Stapleton agreed to plead no contest to electronic solicitation of a child in exchange for the State dismissing the other charge.

Before sentencing, Stapleton moved for a downward dispositional or durational departure. In his motion, Stapleton argued that there were several substantial and compelling reasons to grant a departure to probation, including (1) that he had no prior criminal history; (2) that he committed the offense while intoxicated and had since ceased drinking alcohol; (3) that he was gainfully employed; (4) that he had strong familial support; (5) that he is amenable to treatment and rehabilitation; and (6) that he suffers from health conditions that would make him high risk in prison.

At the sentencing hearing on September 26, 2025, Stapleton outlined the points raised in his motion and presented the district court with letters from family members as well as a forensic psychological evaluation from Jarrod S. Steffan, Ph.D. The evaluation noted that Stapleton suffered from anxiety, ADHD, depressive disorder, pornography addiction, and a disruptive, impulse-control disorder, but concluded that he did not have a

pedophilic disorder. Steffan also found that Stapleton's risk to the community could be safely managed through monitoring, treatment, and rehabilitation services. The State opposed Stapleton's request for a departure, arguing he was a danger to the community and had not presented any substantial and compelling reasons to justify a departure. The victim's father asked the district court "to impose the maximum sentence." After hearing the arguments, the district judge announced its ruling, as follows:

"It's one of those cases where there's so much pain, it can hardly stay in this room. I certainly acknowledge the pain of [the victim], and I firmly believe, unfortunately, that trauma like apparently happens here, does last a long time, and I hurt for your son for that, and for you and your family.

"The legislature certainly has treated this crime with the severity that it requires, but has also given me some discretion, and if I find substantial and compelling reasons to depart. And [Stapleton's attorney] has done a very thorough job of pointing out what I should consider, and I do find that everything he's pointed out, including my own reading of Mr. Steffan's report, gives me the optimism that Mr. Stapleton can follow the rules, and that's the important thing. Probation is no walk in the park, as I said before. Probation requires daily discipline to the rules, and at any moment the probation officer has the authority to send to the State a request to revoke, and there are heavy consequences for violating the rules.

"I believe Mr. Stapleton will follow the rules, and therefore, I will sentence to 59 months, but grant probation for 36 months, and that will be with Community Corrections, which is the most rigorous type of probation. In support I will cite, [the State], you read from Dr. Steffan's report, and I was reading along with you, but at that same paragraph Dr. Steffan says that Mr. Stapleton's risk can be safely managed through appropriate interventions, given the absence of psychopathy, personality disorders and paraphilic disorders; the presence of less than 1/3 of the factors on the RSVP; which is the Risk for Sexual Violence Protocol; is the seemingly isolated nature of the index offenses; and the lack of prior legal problems; and his favorable attitudes toward compliance in making changes in his life. So reading Dr. Steffan's report and relying on his report and again, the statements in the motion to depart, I'm going to find substantial and compelling reasons to allow you to show me that you can be successful on probation, Mr. Stapleton."

3

The journal entry of judgment stated: "A downward dispositional departure is granted based on the motion filed by the defense." The State timely appealed the departure sentence under K.S.A. 21-6820(a).

ANALYSIS

The State argues the district court abused its discretion by granting Stapleton's request for a dispositional departure because there were no substantial and compelling reasons supporting its decision to do so. Stapleton maintains that the district court's decision is supported by the evidence and was not unreasonable.

Appellate courts review a district court's decision to grant a sentencing departure for an abuse of discretion. *State v. Morley*, 312 Kan. 702, 711, 479 P.3d 928 (2021). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025). The party asserting the district court abused its discretion has the burden of showing it. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

When reviewing a district court's grant of a departure under the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-6801 et seq., this court's review is limited to determining "whether the sentencing court's findings of fact and reasons justifying a departure: (1) Are supported by the evidence in the record; and (2) constitute substantial and compelling reasons for departure." K.S.A. 21-6820(d); *State v. Montgomery*, 314 Kan. 33, 36, 494 P.3d 147 (2021). Appellate review for substantial competent evidence does not require the evidence to necessarily *prove* a fact—it requires sufficient evidence to *support* the district court's findings. *Morley*, 312 Kan. at 711-12.

While the district court has discretion in its sentencing decision, that discretion is not unfettered and remains bound by the framework provided by the KSGA—the sentencing court must impose the presumptive sentence unless it finds substantial and compelling reasons to depart. K.S.A. 21-6815(a). The KSGA includes a nonexclusive list of permissible mitigating factors, meaning the court can consider those and other appropriate factors. K.S.A. 21-6815(c)(1). When, as here, the district court based its dispositional departure decision entirely on nonstatutory factors, this court follows a three-step framework of review to determine (1) whether the court's reliance on a nonstatutory factor was guided by an erroneous legal conclusion using an unlimited standard of review; (2) whether substantial competent evidence supported the factual finding that the factor existed; and (3) whether a reasonable person would have taken the view adopted by the sentencing court. See 312 Kan. at 711.

In its ruling from the bench, the district court cited several nonstatutory factors for granting the dispositional departure, which can be summed up as follows: (1) "Mr. Stapleton's risk can be safely managed through appropriate interventions, given the absence of psychopathy, personality disorders and paraphilic disorders"; (2) "the seemingly isolated nature of the index offenses"; (3) "the lack of prior legal problems"; and (4) Stapleton's "favorable attitudes toward compliance in making changes in his life." The district court noted that several of these factors were supported by Steffan's evaluation and report. The Kansas Supreme Court has explained that "[w]hen even one factor relied upon by the sentencing court is substantial and compelling, the departure sentence should be upheld." *State v. Bird*, 298 Kan. 393, 398, 312 P.3d 1265 (2013).

Stapleton points to three other factors beyond those mentioned at sentencing—his employment history, the support of his family, and his health issues—as constituting substantial and compelling reasons for the dispositional departure. While the district court referred to "everything [Stapleton's attorney] pointed out" as reasons supporting its decision, it did not explicitly list these factors as reasons for granting probation. A

sentencing court must do more than allude to facts set out in a departure motion to properly state its reasons for granting a departure: "If the sentencing judge departs from the presumptive sentence, the judge *shall state on the record at the time of sentencing* the substantial and compelling reasons for the departure." (Emphasis added.) K.S.A. 21-6815(a). Here, while the district court made a generalized statement acknowledging the points raised in Stapleton's departure motion, it did not explicitly recognize his employment history, family support, or health issues as constituting substantial and compelling reasons to grant probation. Because these factors were not articulated on the record at sentencing, we will not review them as a basis for the departure sentence.

*Stapleton's risk to the community can be managed through treatment.*

The State first argues the district court erred in relying on Stapleton's risk to the community and whether those risks could be safely managed through treatment and monitoring as a substantial and compelling factor. The State contends the district court misinterpreted Steffan's conclusions about Stapleton's risk of recidivism and his amenability to sex offender treatment. The State claims that "the theoretical sex offender treatment programs" Steffan proposed are "more imaginary that real" because his report did not specify that Stapleton would be enrolled in any such programs.

The existence of a specific program does not impact Steffan's conclusion that Stapleton was willing "to explore and remediate the factors involved in the index offenses, formulate a plan to avoid future sexual misconduct, develop age-appropriate romantic and sexual relationships, and manage mental health and personal difficulties." Although Steffan's report noted that Stapleton presented some risk of recidivism, he ultimately concluded that Stapleton was amenable to treatment and that his risk to the community would be lessened by doing so. And while Steffan's report found that Stapleton had an "above average risk for sexual recidivism," it concluded that that risk could be "safely managed" given the "absence of psychopathy, personality disorders, and

6

paraphilic disorders" and Stapleton's relatively low score on the risk for sexual violence protocol. The State may disagree with the conclusion the district court reached, but there was evidence to support the district court's conclusion on this factor in the form of Steffan's report. The State is effectively asking this court to reweigh the evidence, which an appellate court cannot do. See *Morley*, 312 Kan. at 712.

*The isolated nature of the offense*

The district court cited the "seemingly isolated nature of the index offenses" as a departure factor. Although the district court did not elaborate on this factor, it is supported by the record to the extent that Stapleton's crime involved only one victim over a two-week period in November 2023. The State does not challenge this factor on appeal.

*Stapleton's lack of criminal history*

The district court cited Stapleton's "lack of prior legal problems" as a departure factor. The State argues the district court erred in doing so because a defendant's lack of criminal history cannot be considered as a departure factor. This prohibition stems from the fact that a presumptive sentence under the KSGA already takes a defendant's criminal history into account. See *State v. Theurer*, 50 Kan. App. 2d 1203, 1227, 337 P.3d 725 (2014) ("'[A] defendant's criminal history cannot be used as a justification for a departure sentence when the sentencing guidelines have already taken the defendant's criminal history into account in determining the presumptive sentence within the grid.'"). But other panels of this court have found that a sentencing court can consider what the defendant's criminal history score says about the defendant's amenability to probation, their need for treatment, or their future dangerousness. See *State v. Michael*, No. 128,549, 2026 WL 72305, at *3-4 (Kan. App. 2026) (unpublished opinion); *State v. Carriker*, No. 114,655, 2017 WL 2021411, at *7 (Kan. App. 2017) (unpublished opinion).

The district court did not elaborate on its reason for citing Stapleton's "lack of prior legal problems" as a departure factor. The district court did not explain that it was considering Stapleton's lack of criminal history as it related to his amenability to probation, his potential for success in treatment, or his future dangerousness. As a result, we conclude the district court erred by doing so because the KSGA already takes the defendant's criminal history into account in determining the presumptive sentence.

*Stapleton's favorable attitude toward changing his life*

The State asserts the district court erred when it found that Stapleton displayed favorable attitudes towards the case. The State argues that Stapleton demonstrated a "terrible attitude" about the case and did not accept responsibility for the crime. But the district court did not cite Stapleton's acceptance of responsibility for the crime as a departure factor. In finding that Stapleton displayed a favorable attitude in making changes in his life, the district court was essentially saying that Stapleton seemed amenable to probation. This finding is supported by Steffan's evaluation and report which concluded that Stapleton was willing to participate in treatment programs. As a result, we conclude this factor is supported by substantial competent evidence in the record.

In sum, we conclude the district court erred by citing Stapleton's lack of prior legal problems as a departure factor. But the district court cited at least three other factors supported by evidence in the record. As stated before, when one factor relied on by the sentencing court is substantial and compelling, the departure sentence should be upheld. *Bird*, 298 Kan. at 398. While another judge may have ruled differently, we cannot say that no reasonable person would agree with the district court's decision to grant Stapleton's request for probation. The State has failed to show the district court abused its discretion in granting Stapleton's motion for a dispositional departure.

Affirmed.